Schoharie County Clerk
Document Number 77663
Rcvd 01/28/2020 3:12:11 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHOHARIE
-----------------------------------------------------------------X

EDWARD R. RHODES & JEAN ANN RHODES,

                     Plaintiff,

     -against-

PHOENIX ARMS,

                     Defendants.
-----------------------------------------------------------------X

Index No.: 2020-34
Date Filed:

**SUMMONS**

Plaintiff designates
Schoharie County as the
place of trial

The basis of the venue is:
Location of Occurrence

Occurrence took place at:
6 Avenue B, Locust Valley,
New York 11560

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after the completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       January 27, 2020

_____
Caitlin Robin
**CAITLIN ROBIN & ASSOCIATES, PLLC**
Attorneys for Plaintiffs
Edward R. Rhodes & Jean Ann Rhodes
30 Broad Street, Suite 702
New York, New York 10004
Phone: (646) 524-6026

DEFENDANT'S ADDRESS:

**Phoenix Arms**
**4231 E. Brickell Street**
**Ontario, CA 91761**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHOHARIE
-----------------------------------------------------------------X

EDWARD R. RHODES & JEAN ANN RHODES,

                            Plaintiff,

            -against-

PHOENIX ARMS,

                       Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 2020-34

Plaintiffs, by their attorneys, CAITLIN ROBIN & ASSOCIATES, PLLC, as and for their Verified Complaint, alleges upon information and belief as follows:

### FIRST CAUSE OF ACTION – Negligence Defective Design

1. Plaintiffs are and all times mentioned in this petition were residents of the Town of Conesville, County of Schoharie, New York.

2. Defendant is, and at all times mentioned in this complaint was, a foreign business corporation organized and existing under the laws of the State of California, with its principal place of business located at 4231 East Brickell Street, Ontario, California 91761, County of San Bernardino, State of California, at which location Phoenix Arms may be served.

3. At all times mentioned in this petition, defendant was engaged in the business of designing, manufacturing, distributing and selling firearms for use by members of the general public. Defendant distributes and sells its firearms throughout the United States, including the State of New York.

4.      One of the firearms manufactured, distributed, and sold by the defendant is a single action semi- auto .22lr caliber pistol commonly known as the HP22.

5.      The design of the single action semi-auto .22lr caliber pistol commonly known as the HP22 utilizes a hammer with a rigid-block is located on the left side of the slide, just above the serrated finger grip. By rotating the rigid-block down and covering the red dot, the firing pin is blocked and restricted from striking a cartridge in the chamber.

6.      On April 13, 2019 plaintiff EDWARD R. RHODES purchased a single action semi-auto .22lr caliber pistol, Serial No. 4536929, manufactured by the defendant.

7.      On June 23, 2019, plaintiff EDWARD R. RHODES retrieved the single action semi-auto .22lr caliber pistol from gun safe which was loaded but not cocked, in its holster, slipped off the lower shelf and fell on the safe's dehumidifier and subquentially discharged hitting plaintiff.

8.      Defendant, as the manufacturer, distributor, and seller of firearms, owed a duty to those who would foreseeably be injured by its firearms, including plaintiff, to use care in the manufacturing, distributing, and selling of its firearms, and to warn owners of its firearms, including plaintiff, of any defects in the weapons as they became known to the defendant.

9.      Defendant, in breach of the duties described above, negligently and carelessly:

  (a) Manufactured distributed and sold the single action semi-auto .22lr caliber pistol that was subject to failure during normal use such that the weapon

would discharge even though the hammer had been placed in the safety position;

(b) Failed to warn, or adequately warn, plaintiff that there was a serious risk of unintentional discharge and injury if a live round was loaded into the chamber directly under the hammer;

(c) Failed to warn, or adequately warn, plaintiff that the rigid-block notch of the single action semi auto .22lr caliber pistol was subject to failure during the normal use such that the weapon would discharge even though the hammer had been placed in the safety position;

(d) Failed to manufacture the single action semi auto .22lr caliber pistol with a floating firing pin and transfer-bar safety mechanism or some other alternative safety device that was more reliable than the half-cock notch used in the weapon;

(e) Failed to issue a recall of the single action semi auto .22lr caliber pistol when defendant knew, or in the exercise of reasonable care should have known, that the rigid-block utilized on the weapon was dangerous when used as intended; and

(f) Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

11.     As a direct and proximate result of the negligence and carelessness of defendant as described above, the single action semi auto .22lr caliber pistol discharged unexpectedly, causing the following serious injuries and damages to the plaintiff EDWARD R. RHODES: Including a gunshot injury to the left proximal tibial diaphysis.

## SECOND CAUSE OF ACTION- STRICT LIABILITY

12.     Plaintiff adopts and re-alleges Paragraphs 1 through 11 of this petition as if set forth in full here.

13.     The single action semi auto .22lr caliber pistol, manufactured and introduced into the stream of commerce by defendant and purchased by plaintiff, contained a defect or defects that made it unreasonably dangerous when used in the manner and for the purpose for which it was intended, in that it incorporated a rigid-block that were subject to failure when used as intended such that the weapon was subject to unintentional discharge when the hammer was placed in the safety position.

14.     On June 23, 2019, while the plaintiff **EDWARD R. RHODES** was using the single action semi auto .22lr caliber pistol in a normal and customary manner as described above, rigid-block safety failed, causing plaintiff to sustain the serious injuries and damages.

15.     At the time of the incident described in this complaint, the single action semi auto .22lr caliber pistol was in the same condition it was when manufactured and placed into the stream of commerce by the defendant.

16.     As a direct and proximate result of the defect or defects in the single action semi auto .22lr caliber pistol manufactured and introduced into the stream of commerce by defendant, the single action semi auto .22lr caliber pistol discharged unexpectedly, causing the following serious injuries and damages to the plaintiff **EDWARD R. RHODES**: Including a gunshot injury to the left proximal tibial diaphysis.

## THIRD CAUSE OF ACTION -LOSS OF CONSORTIUM & SERVICES FOR JEAN ANN RHODES

17.     As a result of the plaintiff's injuries, his wife, **JEAN ANN RHODES** has suffered a loss of consortium in that she has been deprived of the familiar relationship including the care, sexual relations, companionship, household help, emotional support and love of her husband.

## FOURTH CAUSE OF ACTION –BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

18.     Plaintiffs re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

19.     The implied warranty of merchantability included the sale of each firearm warranted that it would be merchantable, fit for their ordinary purposes for which firearms are used, pass without objection in the trade, be fair and average quality, and conform promises and affirmations of fact made by PHOENIX ARMS.

20.     PHOENIX ARMS breached the implied warranty of merchantability because of the firearm was defective as alleged herein, would not pass without objection, was not fit for normal use, and failed to conform to the standard of like products in the trade.

21.     The firearm would not pass without objection in marketing, warranties and other statements regarding the products features, quality, safety and use because the firearm is inherently defective in that it can be discharged unexpectedly during normal use, making it unfit for the ordinary purpose.

22.      The firearm is not adequately labeled because it's labeling fails to disclose that the firearm can discharge unexpectedly and does not advise the plaintiff EDWARD R. RHODES of the existence of the defect.

23.      The firearm when sold and at all times thereafter, was not in merchantable condition and is not fit for the ordinary purpose for which it is used.

24.      The element of privity, if applicable, is met because the warranties and manuals provided with the firearm are intended for the user. Further, PHOENIX ARMS advertised the firearm through television, internet, magazines, and advertisements. PHOENIX ARMS entered into contracts with plaintiff EDWARD R. RHODES through warranties. Plaintiff EDWARD R. RHODES is a third party beneficiary of the warranty that ran from PHOENIX ARMS to their other sellers. Further PHOENIX ARMS designed and manufactured the firearms, intending plaintiff EDWARD R. RHODES to be the actual user not retailers or other third party sellers.

25.      PHOENIX ARMS knew, or in the exercise of reasonable care, should have known that the firearm was defective prior to sale.

### FIFTH CAUSE OF ACTION – FAILURE TO WARN

26.      Plaintiffs re-alleges and incorporates by reference the preceding paragraphs as it fully set forth herein.

27.      At all relevant times, Defendants were in the business of and did design. Develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell firearm as intended to be a household product.

28. Defendants placed the firearm into the stream of commerce.

29. Defendants knew or reasonably should have known that the firearm was dangerous or was likely to be dangerous when used or misused in a reasonable foreseeable manner.

30. Defendants knew that the use of the firearm created an increased risk of serious bodily harm to reasonably foreseeable consumers, including plaintiff EDWARD R. RHODES.

31. Defendants knew or reasonably should have known that plaintiff EDWARD R. RHODES would not know of the danger posed by using the firearm until harm was done.

32. Defendants failed to provide adequate safe-use instructions and/or adequate warnings to consumers despite Defendants' knowledge of the risks.

33. Defendants knew but failed to inform or their consumers of the risks of using the firearm, thereby preventing consumers, including plaintiff EDWARD R. RHODES, from eliminating or reducing the risks.

34. Plaintiff EDWARD R. RHODES suffered and will continue to suffer injuries as previously described herein.

35. PHOENIX ARMS failure to warn and/or instruct on safe use was a substantial factor in causing injury to plaintiff EDWARD R. RHODES.

36. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned consumers of the danger and/or instructed on the safe use of the firearm as previously described herein.

37.     As a direct and proximate result of PHOENIX ARMS' conduct as described herein, plaintiff EDWARD R. RHODES has suffered and will continue to suffer harm, as previously described herein.

**WHEREFORE**, Plaintiffs EDWARD R. RHODES and JEAN ANN RHODES demand judgment against the Defendants on the First, Second, Third, Fourth and Fifth Cause of Action, respectively, the plaintiff's complaint, in such a sum as a jury may find fair, reasonable and just, together with interest, costs and disbursements of this action, including attorneys' fee, and as allowed by the law.

Dated: New York, NY
       January 23, 2020

Yours, Etc.

_____

Caitlin Robin
**CAITLIN ROBIN & ASSOCIATES PLLC**
*Attorneys for Plaintiff*
**Edward R. Rhodes & Jean Ann Rhodes**
30 Broad Street, Suite 702
New York, NY 10004
Phone: (646) 524-6026
Fax: (929) 210-7549

Schoharie County Clerk
Document Number 772663
Rcvd 01/28/2020 3:12:11 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHOHARIE
-------------------------------------------------------------------X

EDWARD R. RHODES & JEAN ANN RHODES,

                                     Plaintiff,              **ATTORNEY VERIFICATION BY AFFIRMATION**

        -against-

                                                                   Index No.: 2020-34

PHOENIX ARMS,

                                     Defendants.
-------------------------------------------------------------------X

        Caitlin Robin, being duly sworn deposes and says:

    1.      I am an attorney duly admitted to practice before the Courts of the State of New York and affirm the following to be true under penalties of perjury.

    2.      I am associated with Caitlin Robin & Associates, PLLC, attorneys of record for Plaintiffs. I have read the annexed Summons and Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

    3.      I make the foregoing affirmation instead of plaintiffs, because they reside outside of the county wherein your affirmant maintains offices.

Dated:      New York, New York
                January 23, 2020

                                                                        _____
                                                                        Caitlin Robin

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHOHARIE

---

EDWARD R. RHODES & JEAN ANN RHODES,

                        Plaintiff,

-against-

PHOENIX ARMS,

                        Defendant.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**CAITLIN ROBIN & ASSOCIATES PLLC**
*Attorneys for Plaintiff*
**Edward R. Rhodes**
**30 Broad Street, Suite 702**
**New York, NY 10004**
**(646) 524-6026**